UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR LAVERDE
    Plaintiff
v.                                                                        Case No. 07-4838

CAPITAL ONE HEALTHCARE
FINANCE a division of Capital One Services, Inc.
and CIT GROUP INC.
    Defendants.

---

## COMPLAINT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act), 15 U.S.C. § 1666 (Federal Fair Credit Billing Act), and for the common law tort of defamation.

This is a complaint for fraud, negligent misrepresentation, breach of the duty of fair dealing and violation of the Fair Credit Billing Act, 15 U.S.C. 1666 and the New York Unfair and Deceptive Acts and Practices Act. Plaintiff seeks relief from the Defendants, who billed Plaintiff on a charge he did not owe, erroneously reported the entire amount as due and owing on Plaintiff's credit reports and failed to report that this charge was erroneous even after repeated demand by Plaintiff that they do so.

### JURISDICTION

1.     This Court has jurisdiction over this matter based upon 28 U.S.C. 1331, in that this dispute involves predominant issues of federal law. Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Credit Billing Act, 15 U.S.C. 1666, *et.*

*seq.*, Fair Credit Report Act as well as other applicable federal and state laws. Defendants are also liable to Plaintiff pursuant to the laws of the States of New York and possibly other states, including New York, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367.

## PARTIES

2. Plaintiff Edgar Laverde is a resident of New York City, P.O. Box 7024, New York, New York 10116.

3. Defendant CIT GROUP INC., (hereinafter CIT) is a banking corporation, with its corporate headquarters located at 1 CIT Drive, Livingston, NJ 07039.

4. Defendant Capital One Healthcare Finance, a division of Capital One Services, Inc. (hereinafter referred to as Capital One) is a Virginia corporation located in County of Fairfax, 1680 Capital One Drive, Mc Lean, VA 22102.

## FACTS

5. On March 6, 2006, plaintiff went to Vital Dent for dental evaluation. After being evaluated, the plaintiff received an estimate for $15,540 for dental work.

6. The Defendant Vital Dent arranged financing to cover the cost of the dental work financed through Capital One in the amount of $15,540.00.

7. The Defendant Capital One offered to finance the dental work in the amount of $15,540.00 at 19.9% interest for 60 months.

8. On or about March 7, 2006, Plaintiff telephoned Defendant Capital One. Plaintiff was told that his call was being "recorded for quality purposes". Plaintiff spoke to "Chris" and inquired if the loan had funded. "Chris" an employee of Defendant Capital

One stated that the loan had not funded. Plaintiff directed Defendant Capital One to cancel the loan immediately.

9. Notwithstanding the cancellation, Defendant Capital One ignored Plaintiff's demand. Upon information and belief Defendant Capital One funded the loan on a date not disclosed to Plaintiff. The loan was then quickly sold the loan to CIT Group. On March 24, 2006, the Plaintiff began receiving statements from Defendant CIT for $15,540.00.

10. The Plaintiff only received $2500.00 worth of dental work from the Defendant Vital Dent.

11. Plaintiff telephoned Vital Dent throughout the month of April 2006 and demanded that they refund the unused portion of the funds paid from Capital One to Vital Dent in the amount of $15,540.00.

12. On or about May 5, 2006 Vital Dent allegedly sent a check to "Capital One Healthcare Finance" in the amount of $7,400.00; far short of the unused portion or $13,040.00.

13. Capital One sold the loan to CIT group at some date after the loan funded to Vital Dent.

14. Plaintiff demanded that Capital One and CIT throughout the month of April 2006 correct their billing and only charge the true amount due of $2,500.00, instead of the entire amount of $15,540.00.

15. Because of the errors in billing by Defendants CIT and Capital One, Plaintiff was billed on a loan he did not owe; over 5 times the amount which should have been due.

16. To make matters worse, both CIT and Capital One erroneously reported the entire amount as due and owing on Plaintiff's credit reports, and "late".

17. Plaintiff repeatedly demanded that defendants CIT and Capital One correct the erroneous data furnished to the credit reporting agencies. As of this date, the erroneous data of the full amount of the debt and that the debt is allegedly delinquent continues to be reported on Plaintiff's credit reports.

## COUNT ONE VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

18. The Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. Defendants, CIT and CAPITAL ONE are "user" of credit information and "furnisher" of credit information as stated in the Fair Credit Reporting Act.

20. On or about May, 2006, CIT and CAPITAL ONE each violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by furnishing to credit reporting agencies inaccurate information as the amount of the debt or at least that the debt was disputed.

21. Defendants willfully violated the mandates of section 1681s-2[b].

22. Alternatively, Defendants negligently violated the mandates of section 1681s-2[b].

23. Defendants likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

24. Defendants knew or should have known or consciously avoided knowing that the information had repeatedly reported about plaintiff was false and improperly attributed to Plaintiff. Defendants were further notified by plaintiff of the errors and the disputes, yet

Defendants failed to report such information as disputed to the consumer reporting agencies.

25.     The consumer reporting agencies maintain subscriber contracts and relationships with Defendants separately and individually, under which Defendants is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

26.     Under the subscriber contracts Defendants owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including plaintiff.

**COUNT TWO VIOLATION OF THE FAIR CREDIT BILLING ACT ("FCBA")**

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully set out herein.

28.     CIT AND CAPITAL ONE violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666(a)(A) ("FCBA") by its refusal and failure to respond to Plaintiff's dispute letter mailed by her attorney within sixty (60) days of receipt of demands to correct billing.

29.     CIT AND CAPITAL ONE violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666(a)(B)(i) ("FCBA") by its failure to make appropriate corrections in the account of the Plaintiff, including the crediting of any finance charges on amounts erroneously billed, and by its failure to transmit to the Plaintiff a notification of such corrections and the creditor's explanation of any change in the amount indicated by the Plaintiff, as required by 15 U.S.C. §1666(a)(B)(i) ("FCBA")

30. Said information was negative and damaging to plaintiff. Plaintiff sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff.

31. As a result of CIT AND CAPITAL ONE's violation of the FCBA, CIT AND CAPITAL ONE are liable to Plaintiff for actual and statutory damages and for attorneys fees and cost pursuant to 15 U.S.C. §1640.

## COUNT THREE VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33. Defendant violated 15 U.S.C 1692e(8) by communicating false credit information and failing to communicate that the debt is disputed.

34. As a direct and proximate result thereof, Plaintiff has been injured and may continue to suffer such injury in the future.

35. As a direct and proximate result of the above violation of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff 's actual damages, statutory damages, and costs and attorney's fees.

## COUNT FOUR NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37. Defendants, CIT and Capital One intentionally, willfully and maliciously and/or negligently misrepresented certain material facts upon which the Plaintiff reasonably relied and the falsehood of which facts the Defendants knew or should have known. These misrepresentations included ignoring Plaintiff's demand to cancel the loan immediately, funding the loan on a date not disclosed to Plaintiff, billing Plaintiff on a charge he did not owe, erroneously reporting the entire amount as due and owing on Plaintiff's credit reports and failing to report that this charge was erroneous and disputed even after repeated demand by Plaintiff that they do so.

38. Capital One had a duty to the plaintiff to properly inform him for any and all actions taken pertaining her and her financing agreement with Capital One, to properly accept and credit any and all payments made by or in behalf of the plaintiff.

39. Each Defendant failed to properly credit the plaintiff for the charges and credits due Plaintiff.

## COUNT FIVE–DEFAMATION

40. The Plaintiff re-alleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiffs with reckless disregard for the truth of the matters asserted.

42. Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiffs.

43. Defendants were notified of its false reporting however Defendants continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiff.

44. Defendants were aware that its reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to his creditors.

45. Defendants acted with willful intent and malice to harm plaintiffs.

## COUNT SIX
## INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiff re-alleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

47. As a result of the high monthly payments, plaintiff suffered anxiety and emotional distress from worrying about making each excessive monthly payment. Defendants are liable to the Plaintiff for damages, including (but not limited to) any and all medical bills that might derived from this situation that the plaintiff will be required to pay and reasonable attorney fee.

48. Additionally, as a result of Defendants reckless, malicious and/or intentional, publishing and disseminating false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported, Plaintiff has suffered credit denials and the false reporting has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

## DAMAGES

49.  The Plaintiff re-alleges and incorporates paragraphs 1 through 47 above as if fully set out herein.

50.  The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiffs. Defendants' false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages.

51.  Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

52.  All of the above actions and inactions on the parts of Defendants, jointly and severally, were done intentionally, maliciously and/or with gross negligence in complete and reckless disregard of the rights of Plaintiff.  Accordingly, punitive damages should be assessed against all Defendants.

### **TRIAL BY JURY IS DEMANDED BY PLAINTIFF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final hearing of this cause this Court will grant to them the following relief:

(1) Actual damages for the plaintiff including but not limited to the excess finance charges and documentation fees

(2) Statutory damages

(3) All costs of this action

(4) A reasonable attorney's fee

(5) Cancellation of all plaintiff' contracts

(6) Refund of all moneys paid by plaintiff to the defendants

(7) Release of any liens against Plaintiff held by the defendants.

(8) Actual damages of the plaintiff

(9) Punitive damages and such other general relief to which Plaintiff may be entitled, all to be assessed against all Defendants, jointly and severally, plus pre- judgment and post- judgment interest.

Dated: June 7, 2007

                                        Respectfully Submitted,

                                        _____/s/_____
                                        Law Office of Shmuel Klein, PC
                                        Shmuel Klein, Esq. SK 7212
                                        Attorney for Plaintiff
                                        268 West Route 59
                                        Spring Valley, NY  10977
                                        845-425-2510