UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR LAVERDE

    Plaintiff

v.

VITAL DENT, CAPITAL ONE HEALTHCARE
FINANCE, RICHARD FAIRBANK,
CIT GROUP INC., JEFFREY M. PEEK

    Defendants.

---

# COMPLAINT

This is a complaint for fraud, negligent misrepresentation, breach of the duty of fair dealing, violations of the federal Truth-In-Lending Act, the New York Unfair and Deceptive Acts and Practices Act, and violations of the Fair Credit Reporting Act. Plaintiff seeks relief from the Defendants who, in a scheme to defraud, charged undisclosed finance charges and illegally inflated prices of dental work to customers.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (Truth-In-Lending Act); 28 U.S.C. § 1367; Fair Credit Reporting Act and supplemental jurisdiction over state law claims.

## PARTIES

2. Plaintiff Edgar Laverde is adult resident citizen of New York City, P.O. Box 7024, New York, New York 10116.

3. Defendant Hudson River International, LLC, a New York limited liability company and does business as Vital Dent (hereinafter referred to as Vital Dent), located in County of New York, 519 8th Ave, New York, New York 10018

4. Defendant CIT Group/Sales Financing, LLC (hereinafter referred to as CIT) is a Oklahoma corporation located in Oklahoma County, 715 South Metropolitan, suite 150, Oklahoma City, Oklahoma 73124-0610.

5. Defendant Jeffrey M. Peek, CEO of CIT Group, individually and responsible person for CIT Group/Sales Financing, LLC.

6. Defendant Capital One Healthcare Finance, a division of Capital One Services, Inc. (hereinafter referred to as Capital One) is a Virginia corporation located in County of Fairfax, 1680 Capital One Drive, Mc Lean, VA 22102.

7. Defendant Richard Fairbank, CEO of Capital One, individually and responsible person for Capital One Services, Inc.

## FACTS

8. On March 6, 2006, plaintiff went to Vital Dent for dental evaluation. After being evaluated, the plaintiff received an estimate for $15,540 for dental work.

9. The Defendant Vital Dent arranged financing to cover the cost of the dental work financed through Capital One in the amount of $15,540.

10. The Defendant Capital One financed the amount of $15,540 at 19.9% interest for 60 months. Plaintiff did not receive any truth in lending required disclosures.

11. On March 24, 2006, the Plaintiff starting receiving statements from Defendant CIT for $15,540.00.

12. The Plaintiff only received $2500 worth of dental work from the Defendant Vital Dent.

## COUNT ONE
## FRAUD AND NEGLIGENT MISREPRESENTATION

13. The Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully set out herein.

14. Defendants Vital Dent, CIT and Capital One intentionally, willfully and maliciously and/or negligently misrepresented certain material facts upon which the Plaintiff reasonably relied and the falsehood of which facts the Defendants knew or should have known.  These misrepresentations included, *inter alia*, the price of the Dental care that plaintiff thought he was being charged, the cost of the financing, undisclosed costs and fees, the false terms on the contract concerning the amount financed, the finance charge and the APR, and other fees being charged in connection with financing.  These misrepresentations were made to the plaintiff at the time he financed the dental work by the employees of the defendants who handled the preparation of their agreements of the Defendant to his detriment.

## COUNT TWO
## VIOLATIONS TO THE TRUTH-IN-LENDING ACT

15. The Plaintiff re-alleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. At all times material hereto, Defendants Capital One, was the creditor in each of Plaintiff' transactions with the consumer credit transaction subject to the terms and provisions of the Federal Truth-In-Lending Act, 15 U.S.C. § 1601.

17. In the course of plaintiff's transactions, the defendants violated the Truth in Lending Act by, *inter alia*, failing to disclose the hidden financial charge(s) contained in them for inflated price, and charging excessive fees that was not warranted in fact.

18. As a result of the aforesaid violations of the Truth-in Lending Act and regulations, Defendants are liable to the Plaintiff for actual damages, including (but not limited to) the excess hidden financial charges plaintiff was required to pay, and statutory damages, costs and reasonable attorney fee.

## COUNT THREE
## BREACH OF GOOD FAITH AND FAIR DEALING

19. The Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20. Defendants owed to Plaintiff a duty to deal fairly and in good faith. The Defendants breached this duty, *inter alia*, by charging an unconscionably high price for the dental service, by failing to provide the service, which the plaintiff was charged for.

## COUNT FOUR
## INFLICTION OF EMOTIONAL DISTRESS

21. The Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set out herein.

22. As a result of the high monthly payments, plaintiff suffered anxiety and emotional distress from worrying about making each excessive monthly payment. Defendants are

liable to the Plaintiff for damages, including (but not limited to) any and all medical bills that might derived from this situation that the plaintiff will be required to pay and reasonable attorney fee.

## COUNT FIVE
## NEGLIGENT ACTIONS

23. The Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

24. Capital One had a duty to the plaintiff to properly inform him for any and all actions taken pertaining her and her financing agreement with Capital One, to properly accept and credit any and all payments made by or in behalf of the plaintiff.

25. Vital Dent failed to properly credit the plaintiff for the dental service that was not performed on the Plaintiff.

## PUNITIVE DAMAGES

26. All of the above actions and inactions on the parts of Defendants, jointly and severally, were done intentionally, maliciously and/or with gross negligence in complete and reckless disregard of the rights of Plaintiff.  Accordingly, punitive damages should be assessed against all Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that upon final hearing of this cause this Court will grant to them the following relief:

A. Under the Truth in Lending Count:

(1) Actual damages for the plaintiff including but not limited to the excess finance charges and documentation fees

(2) Statutory damages

(3) All costs of this action

(4) A reasonable attorney's fee

B. Under the pendent state claims:

(1) Cancellation of all plaintiff' contracts

(2) Refund of all moneys paid by plaintiff to the defendants

(3) Release of any liens held by the defendants on vehicles purchased by the plaintiff

(4) Actual damages of the plaintiff

C. Punitive damages and such other general relief to which Plaintiff may be entitled, all to be assessed against all Defendants, jointly and severally, plus pre- judgment and post-judgment interest.

Dated: September 19, 2006

_____/s/_____
Law Office of Shmuel Klein, PC
Shmuel Klein, Esq. SK 7212
Attorney for Plaintiff
268 West Route 59
Spring Valley, NY  10977