# Law Office of Shmuel Klein, PC

## Attorneys and Counselors at Law

268 Route 59 West
Spring Valley, NY 10977
(845) 425-2510
Admitted NY Fed Courts

113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411
NJ State & Federal Courts

May 30, 2007

RECEIVED

MAY 1 1 2007

Honorable George Daniels
500 Pearl Street
New York, NY 10007

RE: Laverde v. VitalDent
      Civil Action No.: 06-7617

Dear Judge Daniels,

Pursuant to your Honor's order, I have enclosed an Amended complaint for the above referenced case.

Request is made that this amended complaint be deemed filed and counsel for Capital One be given 30 days to answer the amended complaint.

Respectfully,

Shmuel Klein

Cc Jim Bergn, Counsel for Capital One
      Vital Dent

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR LAVERDE
    Plaintiff

v.                                 Case No. 06-civ-7617 (GBD)(RLE)

VITAL DENT, CAPITAL ONE HEALTHCARE
FINANCE and CIT
    Defendants.

---

## AMENDED COMPLAINT
## PRELIMINARY STATEMENT

      This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act), 15

U.S.C. § 1666 (Federal Fair Credit Billing Act), and for the common law tort of

defamation.

      This is a complaint for fraud, negligent misrepresentation, breach of the duty of

fair dealing, violations of the federal Truth-In-Lending Act, the New York Unfair and

Deceptive Acts and Practices Act.  Plaintiff seeks relief from the Defendants who, in a

scheme to defraud, charged undisclosed finance charges and illegally inflated prices of

dental work to customers.

## JURISDICTION

1.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640

(Truth-In-Lending Act); 28 U.S.C. § 1367; Fair Credit Reporting Act and supplemental

jurisdiction over state law claims.

2.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C.

1367.

not disclosed to Plaintiff as required by TILA. The loan was then quickly sold the loan to CIT Group. On March 24, 2006, the Plaintiff began receiving statements from Defendant CIT for $15,540.00.

11.    The Plaintiff only received $2500.00 worth of dental work from the Defendant Vital Dent.

12.    Plaintiff telephoned Vital Dent throughout the month of April and demanded that they refund the unused portion of the funds paid from Capital One to Vital Dent in the amount of $15,540.00.

13.    On or about May 5, 2006 Vital Dent allegedly sent a check to "Capital One Healthcare Finance" in the amount of $7,400.00; far short of the unused portion or $13,040.00.

14.    Capital One sold the loan to CIT group at some date after the loan funded to Vital Dent.

15.    Plaintiff demanded that Capital One and CIT throughout the month of April 2006 correct their billing and only charge the true amount due of $2,500.00, instead of the entire amount of $15,540.00.

16.    Because of the errors in billing by Defendants CIT and Capital One, Plaintiff was billed on a loan he did not owe; over 5 times the amount which should have been due.

17.    To make matters worse, both CIT and Capital One erroneously reported the entire amount as due and owing on Plaintiff's credit reports.

18.    Plaintiff repeatedly demanded that defendants CIT and Capital One correct the erroneous data furnished to the credit reporting agencies. As of this date, the erroneous

information, claims or evidence and did not make any attempt to substantially or reasonably verify the CAPITAL ONE representation.

## COUNT TWO

29.    Plaintiff repeat each and every paragraph 1-28 by reference herein.

30.    On or about May, 2006, CIT and CAPITAL ONE each violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by furnishing to credit reporting agencies inaccurate information as the amount of the debt or at least that the debt was disputed.

31.    Defendants CIT and Capital One each  by failing to fully and properly investigate the Plaintiff's dispute of the CIT AND CAPITAL ONE representation; to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each other credit reporting agency violated Fair Credit Reporting Act, 15 U.S.C. §1681.

32. As a result of this conduct, action and inaction of CIT AND CAPITAL ONE, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

33. CIT AND CAPITAL ONE's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT THREE

34.    Plaintiff repeat each and every paragraph 1-33 by reference herein.

35.    In the alternative, CIT AND CAPITAL ONE were negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

financed the dental work by the employees of the defendants who handled the preparation of their agreements of the Defendant to his detriment. Plaintiff suffered damages therefore.

## COUNT SIX
## VIOLATIONS TO THE TRUTH-IN-LENDING ACT

42. The Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set out herein.

43. At all times material hereto, Defendants Capital One, was the creditor in each of Plaintiff' transactions with the consumer credit transaction subject to the terms and provisions of the Federal Truth-In-Lending Act, 15 U.S.C. § 1601.

44. In the course of plaintiff's transactions, the defendants violated the Truth in Lending Act by, *inter alia*, failing to disclose the hidden financial charge(s) contained in them for inflated price, and charging excessive fees that was not warranted in fact.

45. As a result of the aforesaid violations of the Truth-in Lending Act and regulations, Defendants are liable to the Plaintiff for actual damages, including (but not limited to) the excess hidden financial charges plaintiff was required to pay, and statutory damages, costs and reasonable attorney fee.

## COUNT SEVEN
## BREACH OF GOOD FAITH AND FAIR DEALING

46. The Plaintiff re-alleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

## COUNT TEN
## DECEPTIVE TRADE PRACTICES

53.    The Plaintiff re-alleges and incorporates paragraphs 1 through 52 above as if fully set out herein.

54.    Plaintiffs are consumers. Defendants CIT and Capital One are banking entities governed by state and federal laws. In connection with a consumer transaction, defendant engaged in unfair and deceptive practices, prohibited by New York law, aimed at causing substantial harm to the plaintiff.  Defendant succeeded in damaging the plaintiffs through these unfair and deceptive trade practices as described herein.  Plaintiff suffered damages therefore.

## ADDITIONAL ALLEGATIONS

55.    The Plaintiff re-alleges and incorporates paragraphs 1 through 52 above as if fully set out herein.

56.    The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiffs. Defendant's false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages.

57.    Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable

C. Punitive damages and such other general relief to which Plaintiff may be entitled, all

to be assessed against all Defendants, jointly and severally, plus pre- judgment and post-

judgment interest.

Dated: May 3, 2007


_____/s/_____
Law Office of Shmuel Klein, PC
Shmuel Klein, Esq. SK 7212
Attorney for Plaintiff
268 West Route 59
Spring Valley, NY  10977